ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br> V. <br><br> **SUCESIÓN DE JUAN ANTONIO REYES RÍOS** <br> DEMANDADA(S)-PETICIONARIA(S) | **KLCE202401326** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN** <br><br> Caso Núm. <br> **D CD2016-0645** (702) <br><br> Sobre: <br> Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 21 de febrero de 2025.

Comparece ante este Tribunal de Apelaciones, la **SUCESIÓN DE JUAN ANTONIO REYES RÍOS** (**SUCESIÓN REYES RÍOS**) mediante *Petición de Certiorari* instada el 9 de diciembre de 2024. En su recurso, nos solicita que revisemos la *Orden* dictada el 7 de noviembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[1] Mediante la susodicha decisión, el foro de instancia denegó acoger la *Moción en Solicitud de Remedio* presentada el 1 de noviembre de 2024 por la **SUCESIÓN REYES RÍOS**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

El 15 de marzo de 2016, el **BANCO POPULAR DE PUERTO RICO** (**BPPR**) incoó *Demanda* sobre cobro de dinero y ejecución de hipoteca.[2] Adujo que el

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 7 de noviembre de 2024. Apéndice de la *Petición de Certiorari*, págs. 33- 35.

[2] *Íd.*, págs. 3- 9. Esta reclamación fue enmendada el día 24 de agosto de 2023. En la *Demanda Enmendada* se rectificó: la información del **BPPR**; la descripción de la propiedad; y el inciso 7. Se incluyó la dirección de la **SUCESIÓN REYES RÍOS;** la modificación de la hipoteca efectuada el 31 de octubre de 2013; y la información del fallecimiento del señor Juan Antonio Reyes Ríos.

31 de marzo de 2005, los señores JUAN ANTONIO REYES RÍOS y **MARETZA ENID MÉNDEZ MUÑIZ** (señora **MÉNDEZ MUÑIZ**) suscribieron un pagaré por la cantidad de $310,000.00 con intereses pactados al 6.50% anual.[3] En la misma fecha, otorgaron la escritura número 197 sobre hipoteca gravando una propiedad sita en Guaynabo, Puerto Rico, ante el notario Héctor M. Lúgaro Figueroa.

Tiempo después, el 13 de julio de 2016, la señora **MÉNDEZ MUÑIZ** presentó una *Urgente Moción Solicitando Desestimación, se Detenga Proceso de Ejecución, en Solicitud de Mediación, Contestación a Demanda y Reconvención*.[4] Este documento contiene sus defensas afirmativas.

Luego de varios trámites legales, el 1 de octubre de 2024, el **BPPR** presentó una *Solicitud de Continuación de los Procedimientos y Señalamiento de Vista Mediante Videoconferencia* en la cual expuso que la **SUCESIÓN REYES RÍOS** no entregó los documentos requeridos para completar una evaluación de alternativas de mitigación de pérdidas.[5] El 10 de octubre de 2024, se prescribió *Orden* en la cual se autorizó la continuación de los procedimientos y concedió un plazo de quince (15) días a la **SUCESIÓN REYES RÍOS** para exponer su posición sobre el inciso 2 del mencionado escrito.[6]

El 16 de octubre de 2024, la **SUCESIÓN REYES RÍOS** presentó *Moción en Oposición a "Solicitud de Continuación de los Procedimientos y Señalamiento de Vista Mediante Videoconferencia"* informando que entregó oportunamente todos los documentos interpelados. Arguyó, además, que el **BPPR** tenía el deber de notificar cual o cuales documentos faltaban; procedía continuar la paralización de los procedimientos hasta que el **BPPR** haya enunciado una determinación sobre la solicitud de mitigación de pérdidas; y

---

[3] Apéndice de la *Petición de Certiorari*, págs. 7- 9.
[4] *Íd.*, págs. 10- 17. La representación legal de la **SUCESIÓN REYES RÍOS** era ostentada por los licenciados José F. Gierbolini-Bonilla y Joselyn M. Ramírez.
[5] *Íd.*, págs. 18- 19.
[6] *Íd.*, págs. 20- 22.

se refiriera el caso al Centro de Mediación de Conflictos.[7] El 22 de octubre de 2024, se decretó *Orden* pautando una audiencia sobre el estado de los procedimientos para el 14 de noviembre de 2024, de manera presencial.[8]

Posteriormente, el 1 de noviembre de 2024, la **SUCESIÓN REYES RÍOS** presentó *Moción en Solicitud de Remedio* en la cual reiteró que entregó oportunamente todos los documentos requeridos por el **BPPR** y solicitó que la audiencia se celebrara de manera virtual.[9] Acto seguido, el 7 de noviembre de 2024, se intimó la *Orden* recurrida.

En desacuerdo, el 9 de diciembre de 2024, la **SUCESIÓN REYES RÍOS** recurrió ante este foro revisor intermedio señalando el(los) siguiente(s) error(es):

> Erró y abusó de su discreción el foro de instancia al autorizar la continuación de los procedimientos de este caso y no paralizarlo inmediatamente, pese a que la parte recurrente entregó oportunamente todos los documentos exigidos por la parte recurrida para ser objeto de una evaluación justa de alternativas de mitigación de pérdidas.
>
> Erró y abusó de su discreción el foro de instancia al no referir a las partes de este caso al proceso de mediación compulsoria de conformidad con la Ley Núm. 184-2012, pese a que la parte recurrente entregó oportuna y completamente los documentos que forman parte de su solicitud de mitigación de pérdidas a la parte recurrida y la última no ha ofrecido a la parte recurrente todas las alternativas de mitigación de [pérdidas] en contravención del ordenamiento jurídico estatal y federal.
>
> Erró y abusó de su discreción el foro de instancia al insistir en pautar una vista sobre el estado de los procedi[m]ientos en este caso, pese a lo dicho anteriormente y, peor aún, de manera presencial cuando el abogado suscribiente expuso razones de peso para que dicha vista se lleve a cabo mediante videoconferencia y habiendo también solicitud de vista mediante videoconferencia por la parte demandante.

---

[7] Apéndice de la *Petición de Certiorari*, págs. 23- 26. Actualmente, la representación legal de la **SUCESIÓN REYES RÍOS** es ostentada por los licenciados José F. Gierbolini-Bonilla y Vanessa Saxton-Arroyo. El tribunal recurrido ha notificado toda providencia a ambos abogados.

[8] *Íd.*, págs. 27- 28.

[9] *Íd.*, págs. 29- 31. Este documento está suscrito solamente por el licenciado Gierbolini-Bonilla. Pese a haber manifestado su indisposición, no se acreditó justa causa para excusar o relevar a ambas representaciones legales. Lo cual implica que la licenciada Saxton-Arroyo estaba disponible para comparecer a la audiencia. No obstante, el foro primario reseñaló la audiencia sobre estado de los procedimientos para el 28 de enero de 2025. Colegimos que el tribunal recurrido no se extralimitó de su discreción.

El 13 de diciembre de 2024, pronunciamos *Resolución* concediendo, entre otras cosas, un término perentorio de diez (10) días para exponer su posición sobre el recurso al **BPPR**. El 26 de diciembre de 2024, el **BPPR** presentó su *Alegato de la Parte Recurrida en Oposición a la Expedición del Auto de Certiorari*. El 10 de enero de 2025, se dispuso *Resolución* confiriendo un plazo de diez (10) días para exponer su posición sobre el petitorio de desestimación del recurso por el alegado incumplimiento de la Regla 33 (B) del Reglamento del Tribunal de Apelaciones a la **Sucesión Reyes Ríos**. El pasado 5 de febrero, se dictaminó *Resolución* en la cual se declaró no ha lugar el petitorio de desestimación.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[10] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[11]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[12] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[13]

---

[10] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[11] *Íd.*
[12] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[13] *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[14] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[15] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[16]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[17]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[18] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

---

[14] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.
[15] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[16] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[17] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[18] *Íd.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[20] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[21] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[22]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[23] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[24]

– III –

---

[19] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[20] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[21] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[22] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[23] *García v. Asociación*, 165 DPR 311, 322 (2005).

[24] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

En este caso, la **SUCESIÓN REYES RÍOS** apuntaló que el tribunal recurrido incidió: (i) al autorizar la continuación de los procedimientos y no paralizar a pesar de haber entregado oportunamente todos los documentos para la evaluación de alternativas de mitigación de perdidas; (ii) al no referir a las partes a mediación compulsoria pese a haber entregado oportuna y completamente los documentos que forman parte de la solicitud de mitigación de pérdidas y no haberle ofrecido todas las alternativas disponibles en contravención al ordenamiento jurídico estatal y federal; y (iii) al insistir en pautar una audiencia presencial sobre el estado de los procedimientos cuando la representación legal expuso razones de peso para que la misma se lleve a cabo mediante videoconferencia.

Por otro lado, el **BPPR** adujo que no existe un proceso activo de evaluación de alternativas de mitigación de pérdidas. Así como, la **SUCESIÓN REYES RÍOS** se ha beneficiado de las provisiones de la regulación protectora en múltiples ocasiones dado que ha presentado solicitudes aun cuando han resultado incompletas; y moratorias concedidas a causa de los estragos de los huracanes.

Como cuestión de umbral, ante el hecho de que este recurso es una *Petición de Certiorari*, debemos determinar si procede o no su expedición. Es sabido que un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción (manejo de sala) de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

La **SUCESIÓN REYES RÍOS** no ha demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para

inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala y ante el padecimiento del licenciado Gierbolini-Bobilla pautó nueva fecha para celebrar una audiencia sobre estado de los procedimientos.

– **IV** –

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* incoado el 9 de diciembre de 2024. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Rivera Marchand concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones